# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **RAUL ESCOLASTICO** | : | **NO. 21-257** |

### MEMORANDUM

**Savage, J.**                                                                                                              **May 7, 2025**

Defendant Raul Escolastico moves for a two-point reduction to his criminal history score under U.S. Sentencing Guidelines Amendment 821. The government opposes relief, arguing he is not eligible for relief under the amendment. Because the amendment does not apply, we shall deny his motion.

On August 31, 2021, Escolastico pleaded guilty to reentry after deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(2). As calculated in the Pre-Sentence Investigation Report, his total offense level was 21, and his criminal history score was 9. The criminal history score was based on two drug-related convictions and a prior conviction for reentry after deportation. Escolastico's criminal history score placed him in criminal history category IV. His guidelines range, based on a total offense level of 21 and criminal history category IV, was 57 to 71 months. He was sentenced to 42 months, 15 months below the bottom of his guidelines range.[1]

*Analysis*

---

[1] Escolastico had been detained in federal custody since June 9, 2021. The Bureau of Prisons' Inmate Locator shows he has not been in custody since May 31, 2024.

When a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a court may reduce the sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it determines that (1) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (2) the defendant is not a danger to society. 18 U.S.C. § 3582(c)(2); 18 U.S.C. § 3142(g).

The Sentencing Guidelines provide that a court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010) (noting courts considering § 3582(c)(2) motions must first "determine [a defendant's] eligibility for a sentence modification and the extent of the reduction authorized[,]" and then consider the § 3553(a) factors to determine whether a reduction is warranted). If an amendment does not lower the guidelines range, a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10(a)(2).

On November 1, 2023, Amendment 821 to the U.S. Sentencing Guidelines became effective. Part A of the amendment changed the application of status points, which are "the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. SENT'G GUIDELINES MANUAL § 1B1.10 cmt. n. 7 (U.S. SENT'G COMM'N 2024). Part A decreased the status points assigned to defendants with seven or more criminal history points from two

to one, and eliminated status points for defendants with six or less criminal history points. *Id; see also* U.S.S.G. § 4A1.1.  The Sentencing Commission allowed retroactive application of Part A, with an effective date of February 1, 2024.

Amendment 821 does not apply to Escolastico.  He received nine criminal history points based on his prior convictions.  Because he was not serving any other sentence at the time he committed the offenses in this case, he did not receive any status points.  Therefore, the amendment does not apply and he is not eligible for relief under § 3582(c)(2).