IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| RAUL ESCOLASTICO | : | NO. 21-257 |

### MEMORANDUM

**Savage, J.**                                                                                                                    **June 12, 2025**

Defendant Raul Escolastico moves *pro se* for relief under 28 U.S.C. § 2255, arguing that 8 U.S.C. § 1326, criminalizing reentry after deportation, violates the Fifth Amendment's equal protection guarantee. He asserts that § 1326 has a disparate impact on Mexicans and Latinx individuals, and that it was enacted based on racial animus. The government contends the motion is procedurally defaulted. It also argues that the claim has no merit, citing numerous district court decisions which have denied identical claims.

In 2021, Escolastico pleaded guilty to one count of reentry after deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(2). He had two prior convictions for felony drug offenses, and a third felony conviction for reentry after deportation. As calculated in the Pre-Sentence Investigation Report, his total offense level was 21 and his criminal history score was nine. Escolastico's criminal history score placed him in criminal history category IV. His guidelines range, based on a total offense level of 21 and criminal history category IV, was 57 to 71 months.[1] He was sentenced to 42 months, 15 months below the bottom of his guidelines range. Final judgment was entered on January 4, 2022. He did not appeal. Instead, he filed this habeas petition on March 30, 2022.

---

[1] The maximum term of imprisonment under subsection (b)(2) was not more than 20 years.

If a defendant fails to raise a claim on appeal, it is procedurally defaulted for habeas review. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (citations omitted)); *see also Hodge v. United States*, 554 F.3d 372, 378-79 (3d Cir. 2009). But, a habeas court may consider a procedurally defaulted claim if the defendant can demonstrate cause and actual prejudice, or makes a showing of actual innocence. *Bousley*, 523 U.S. at 622.

Escolastico did not file an appeal. He does not assert any facts showing cause for his failure to appeal. Nor does he claim actual innocence. In short, he offers no reason why he neglected to file an appeal. Therefore, his claim is procedurally defaulted.

Even if Escolastico had appealed, the Third Circuit has rejected this identical claim. In *United States v. Gonzalez-Nane*, the court concluded that the statute's historical background and legislative history do not "support an inference that Congress intended to discriminate against Latinos when enacting § 1326."[2] No. 23-1418, 2024 WL 3439773, at *5 (3d Cir. July 17, 2024) (non-precedential); *see also United States v. Wence*, No. 22-2618, 2023 WL 5739844, at *3 (3d Cir. Sept. 6, 2023) (non-precedential). In doing so, the Third Circuit joined four other courts of appeals which reached the same conclusion. *See United States v. Amador-Bonilla*, 102 F.4th 1110, 1119 (10th Cir. 2024); *Sanchez-*

---

[2] *Gonzalez-Nane* addressed the same arguments advanced by Escolastico. While the court agreed that reference to Senate Bill 1851 as the "Wetback Bill" shows "discriminatory intent by some members of Congress," it noted that discriminatory intent by individual lawmakers "is only relevant to the extent that . . . Congress had the same motivations in enacting § 1326. Gonzalez-Nane has not offered any such evidence," and neither does Escolastico. 2024 WL 3439773 at *4. It also rejected the appellant's disparate impact argument, as "there is nothing surprising—or more to the point, suspicious—about the fact that an illegal reentry provision bears most heavily on populations with whom this country shares a several-thousand-mile-border." *Id.* (quoting *United States v. Sanchez-Garcia*, 98 F.4th 90, 102 (4th Cir. 2024).

*Garcia*, 98 F.4th at 97; *United States v. Carrillo-Lopez*, 68 F.4th 1133, 1138 (9th Cir. 2023); *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 867 (5th Cir. 2022).

Escolastico's Fifth Amendment habeas claim is procedurally defaulted and meritless. Therefore, his motion will be denied.